Matter of Miller v Annucci (2020 NY Slip Op 04167)





Matter of Miller v Annucci


2020 NY Slip Op 04167


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-08098
 (Index No. 77/18)

[*1]In the Matter of Daniel Miller, petitioner,
v
Anthony J. Annucci, etc., et al., respondents.


Daniel Miller, Albuon, NY, petitioner pro se.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Matthew W. Grieco of counsel; James Gordon on the brief), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Superintendent of Green Haven Correctional Facility dated December 29, 2017, which affirmed a determination of a hearing officer dated December 26, 2017, made after a tier II disciplinary hearing, finding the petitioner guilty of violating Institutional Rules of Conduct rule 103.20 (7 NYCRR 270.2[B][4][ii]), and imposing penalties.
ADJUDGED that the petition dated December 28, 2017, is granted, on the law, without costs or disbursements, the determination dated December 26, 2017, is annulled, the penalties imposed are vacated, the charges are dismissed, and the respondents are directed to expunge all references to the finding from the petitioner's institutional record.
In November 2017, the New York State Department of Corrections and Community Supervision (hereinafter DOCCS) launched a pilot "Secure Vendor Program" whereby eight specific vendors had the exclusive right to supply packages to prisoners. The Commissioner of DOCCS authorized two prisons to participate in this pilot program, one of which was Green Haven Correctional Facility in Dutchess County, which is where the petitioner was an inmate. By letter dated December 15, 2017, the petitioner "urge[d]" vendors excluded from the pilot program "to fight back" against this new policy by filing lawsuits "related" to one his mother purportedly commenced to overturn it. Administrators intercepted the letter and charged the petitioner with violating Institutional Rules of Conduct rule 103.20, which provides that "[a]n inmate shall not request or solicit goods or services from any business . . . without the consent and approval of the facility superintendent or designee" (7 NYCRR 270.2[B][4][ii]). The petitioner was found guilty of this charge after a hearing on December 26, 2017. The Superintendent of Green Haven Correctional Facility affirmed the hearing officer's determination. The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to review that determination. By order dated June 25, 2018, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
The misbehavior report charging the petitioner with violating rule 103.20 (7 NYCRR 270.2[B][4][ii]) explained that his letter has "undermined the process of the New York State [DOCCS] to complete a smooth transition to implement a pilot program which has already [*2]established secured vendors." The hearing officer's determination likewise states that the petitioner's actions "cannot be tolerated and are an attempt to hinder the department with new package procedures." However, because the letter did not solicit goods or services from any business, the record does not support the hearing officer's determination that rule 103.20 (7 NYCRR 270.2[B][4][ii]) was violated. Moreover, even if construed to violate the rule, the petitioner's conduct was insulated from discipline by Correction Law § 138, which provides that "[i]nmates shall not be disciplined for making written . . . requests involving a change of institutional conditions, policies, rules, regulations, or laws affecting an institution" (Correction Law § 138[4]). The petitioner's December 15, 2017, letter was a "request[ ] involving a change of institutional . . . policies" (id. ) in that he invited certain organizations adversely affected by the DOCCS's new policy to undertake action in opposition to that new policy. The respondents thus disciplined the petitioner in contravention of Correction Law § 138(4).
Accordingly, we grant the petition dated December 28, 2017, annul the determination dated December 26, 2017, vacate the penalties imposed, dismiss the charges, and direct the respondents to expunge all references to the finding from the petitioner's institutional record.
The petitioner's remaining contentions either need not be reached in light of our determination or are not properly before this Court.
DILLON, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court